UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAKESHA NORINGTON | ) |
| | ) |
| Plaintiff | ) |
| | ) CAUSE NO. 3:11-CV-282 RM |
| vs. | ) |
| | ) |
| MITCHELL E. DANIELS, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Lakesha Norington, a/k/a Shawntrell Norington, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 14.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). The court must bear

in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Giving the complaint liberal construction, Ms. Norington alleges that although she was born a male, she suffers from gender identity disorder ("GID") and identifies herself as a female.[1] She further alleges that despite her repeated requests, Dr. Michael Mitcheff, the regional medical director for the Indiana Department of Correction ("IDOC"), has refused to provide her with any medical or mental health care for her disorder despite her ongoing need for such treatment.

Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). As the court of appeals has explained:

---

[1] Because Ms. Norington refers to herself with female pronouns, the court will do so in this screening order.

2

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

The court of appeals has held that GID, also known as gender dysphoria, constitutes a "serious medical need" for purposes of the Eighth Amendment. Fields v. Smith, 653 F.3d 550, 553 (7th Cir. 2011); Meriweather v. Faulkner, 821 F.2d 408, 413 (7th Cir. 1987). As the court recognized, GID presents a serious psychological problem: "A person with GID often experiences severe anxiety, depression, and other psychological disorders . . . [and] may attempt to commit suicide or to mutilate their own genitals." Fields v. Smith, 653 F.3d at 553. Inmates are not entitled to a particular form of treatment for GID, particularly those that are "esoteric" or "protracted and expensive" and thus "beyond the reach of a person of average wealth." Maggert v. Hanks, 131 F.3d 670, 671-72 (7th Cir. 1997). Nevertheless, an inmate states a claim under the Eighth Amendment by alleging that the defendants "have failed to provide [her] with *any kind* of medical treatment . . . for her gender dysphoria." Meriweather v. Faulkner, 821 F.2d at 413 (emphasis added). Here, accepting

3

Ms. Norington's allegations as true, she alleges that Dr. Mitcheff has refused to authorize any type of treatment for her GID. Giving her the inferences to which she is entitled at this stage, she has adequately alleged an Eighth Amendment claim against Dr. Mitcheff.

Ms. Norington seeks to sue a host of other defendants in connection with this claim, including high-ranking IDOC officials and the Governor of Indiana. (DE 14 at 2.) The complaint does not indicate that these individuals had personal involvement in these events, and instead Ms. Norington appears to want to hold them liable under a *respondeat superior* theory.[2] There is no general *respondeat superior* liability under 42 U.S.C. § 1983, however, and "public employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Although Ms. Norington alleges that she wrote letters to these individuals and they "failed to intervene" in her medical care, this alone does not make them liable under 42 U.S.C. § 1983.

> Public officials do not have a free-floating obligation to put things to rights[.] Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job . . . . [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

Burks v. Raemisch, 555 F.3d at 595. Simply receiving correspondence from a prisoner about a medical problem doesn't make a prison official liable for the failure to provide medical

---

[2] This is Ms. Norington's third attempt to state a viable claim against the defendants, her first two complaints having been stricken due to numerous deficiencies. (*See* DE 1, 4, 7, 9.)

care under the Eighth Amendment. Id. Accordingly, all individual defendants other than Dr. Mitcheff will be dismissed.

Ms. Norington also names the IDOC as a defendant, but she hasn't alleged, nor can it be plausibly inferred from the complaint, that IDOC has an unconstitutional policy regarding the rights of inmates suffering from GID. *See* Monell v. Dep't of Soc. Servs., 436 U.S. 658, 701 (1978). Rather, Ms. Norington's claim is that Dr. Mitcheff made his own decision to deny her proper treatment for her GID. Therefore, the IDOC will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on a claim against Dr. Michael Mitcheff in an individual capacity for compensatory and punitive damages and in an official capacity for injunctive relief for denying her adequately medical care for her gender identity disorder;

(2) DISMISSES Mitchell E. Daniels, Edwin G. Buss, Indiana Department of Correction, Indiana State Tort Claim Administrator, Bruce Lemmon, and Gregory F. Zoeller;

(3) DISMISSES all other claims;

(4) DIRECTS the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Michael Mitcheff; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Michael Mitcheff respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND.

L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: October  25 , 2011.

                                               /s/ Robert L. Miller, Jr.
                                               Judge
                                               United States District Court

cc: L. Norington